**BRIAN M. BARNARD**     USB # 0215
**JAMES L. HARRIS, Jr.**   USB # 8204
UTAH LEGAL CLINIC
Attorneys for PLAINTIFF
214 East Fifth South Street
Salt Lake City, Utah   84111-3204
Telephone:  (801) 328-9531



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

---

| | |
|---|---|
| **A. McREYNOLDS,** : | **C O M P L A I N T** |
| Plaintiff, : | |
| vs. : | Judge Dale A. Kimball<br>DECK TYPE: Civil |
| **KENNETH F. WYNN**, Director, : | DATE STAMP: 02/14/2005 @ 11:29:43 |
| UTAH DEPARTMENT OF | CASE NUMBER:  2:05CV00122  DAK |
| ALCOHOLIC BEVERAGE CONTROL; : | |
| **JOHN DOE**, Employee, | |
| UTAH DEPARTMENT OF ALCOHOLIC : | |
| BEVERAGE CONTROL; **LARRY V.** | |
| **LUNT**, Chairman; **TED D. LEWIS**, : | |
| Vice Chairman; **NICHOLAS E.** | |
| **HALES**, Member, **FRANK W. BUDD**, : | |
| Member, and **MARY ANN MANTES**, | |
| Member, Utah Alcoholic : | |
| Beverage Control Commission, | |
| : | |
| Defendants. | |
| : | |

---

Plaintiff A. McREYNOLDS, by and through counsel, Brian M. Barnard and James L. Harris, Jr. complains, states, alleges and claims as causes of action against defendants as follows:

## I. Introduction

1. This 42 U.S.C. § 1983 action seeks equitable relief from enforcement of unconstitutional policies of the Utah Department of Alcoholic Beverage Control enacted by defendant Commissioners and enforced by defendants, DOE and WYNN. Plaintiff seeks damages as well as legal and equitable relief from the policy which violated, restricted and restricts the plaintiff's rights under the federal and state constitutional rights to liberty and due process.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this action invoking federal statutory and constitutional rights pursuant to 28 U.S.C. § 1331, § 1343(a)(3), and § 1343(a)(4).

3. This Court has jurisdiction to grant declaratory relief in this action pursuant to 28 U.S.C. § 2201.

4. This Court has supplemental jurisdiction over plaintiff's state constitutional claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state claims are related to, based upon the same operative facts and form part of the same case and controversy as their federal constitutional claims.

5. Venue is proper in the Central Division of the United States District Court for the District of Utah pursuant to 28

U.S.C. § 1391(b). All conduct complained of herein occurred or will occur in Salt Lake County, Utah and the Central Division of this Court. The defendants to this action reside and/or have official duties in the Central Division of the District of Utah.

### III. Parties

6. A. McREYNOLDS is an adult citizen and resident of Salt Lake County. Plaintiff is more than twenty-one (21) years of age.

7. KENNETH F. WYNN is an employee of the State of Utah and the Director of the Utah Department of Alcoholic Beverage Control. He is sued for equitable relief only. He has the duty and responsibility of enforcing the policy, rules, practices, etc., challenged herein. He supervises defendant JOHN DOE and mandates that JOHN DOE comply with the rules, policy, practices, etc., challenged herein.

8. LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E. HALES, Member, FRANK W. BUDD, Member, and MARY ANN MANTES, Member are each agents and officers of the State of Utah serving as the Utah Alcoholic Beverage Control Commission. Each is sued for equitable relief only. Collectively they are the policy makers for that Commission and the Utah Department of Alcoholic Beverage Control with regard to the policy, rules,

practices, challenged in this action. They have collectively adopted and promulgated on behalf of the State of Utah the policy, rules, practices, etc., challenged herein. They ultimately supervise defendants KENNETH WYNN and JOHN DOE and mandates that JOHN DOE and KENNETH WYNN comply with the rules, policy, practices, etc., challenged herein.

9. JOHN DOE is an employee of the State of Utah and the Utah Department of Alcoholic Beverage Control. His full true and correct name is unknown to plaintiff at this time. He is sued personally for legal and equitable relief. When plaintiff discovers the full, true and correct name of this defendant, plaintiff will amend his complaint in this action.

10. At all relevant times, defendants were, are and will be acting under color of state law, custom and usage, and were and are state actors.

---

[1] JOHN DOE is generally described as a ~5'10" ~225-240 pound white male in his 50's with a black beard and black hair who was wearing a gray sweatshirt.
   Oddly, the Utah Department of Alcoholic Beverage Control does not require his employees to wear an identification badge or name tags. *Compare* -- Commission Rules (R81-5-12. Identification Badge): "Each employee of the [private club] licensee who sells, . . . alcoholic beverages shall wear a unique identification badge visible above the waist, bearing the employee's first name, initials, or a unique number in letters or numbers not less than 3/8 inch high. The identification badge must be worn on the front portion of the employee's body."

4

**IV.   Facts**

11.   The State of Utah through the Utah Department of Alcoholic Beverage Control operates liquor stores in the State of Utah.  The State through the Department owns and operates a State Liquor Store (Store # 1) at 205 West 4th South Street, Salt Lake City, Utah.

12.   Utah statutes and/or the policies and practices of the defendants prohibit a person under the age of twenty-one (21) from entering a state liquor store unless accompanied by a parent or guardian.

13.   On Monday, February 7, 2005 at approximately 5:40 pm, plaintiff entered the state liquor store on 4th South Street.  Plaintiff was accompanied by a friend, who is more than twenty-one (21+) years of age.

14.   Plaintiff selected a bottle of liquor and proceeded to a middle check-out stand of Store # 1 and a cash register where JOHN DOE was taking money and selling liquor to patrons.

15.   JOHN DOE asked plaintiff and plaintiff's friend for identification.  Plaintiff began to show his identification to JOHN DOE.  Plaintiff's friend stated that he was over twenty-one (21+) but did not have any identification with him and noted that he was not buying the liquor.

5

16. JOHN DOE stated that both plaintiff and his friend had to have "I.D.'s" and indicating "it's against the law" for JOHN DOE to sell liquor to plaintiff when accompanied by a person that was not in possession of identification.

17. Other than having been accompanied by a person who was not in possession of identification, plaintiff could have legally purchased alcohol from defendant JOHN DOE. Plaintiff had personally committed no wrong and had engaged in no conduct that justified the refusal of JOHN DOE to sell liquor to him.

18. If plaintiff's friend were under the age of twenty-one (21), he had violated a statute and/or a policy of defendants by merely entering the liquor store.

19. Having been denied the right to purchase liquor from the State Liquor Store, plaintiff left the liquor store.

20. Plaintiff was offered no opportunity to contest the refusal of JOHN DOE to sell him liquor.

21. JOHN DOE's conduct was in compliance with the rules, regulations, policies and practices of the State of Utah and the Utah Department of Alcoholic Beverages as administered by defendant WYNN. There is no written rule specifically authorizing the conduct complained of herein. Said conduct has been the standard practice of the Department, the Commission and its employees for at least fifteen (15+) years.

22. Plaintiff may again in the future enter state liquor stores to purchase liquor and may be accompanied by friends or acquaintances who may not be carrying identification with them.

23. The policy, developed and enacted by the State of Utah and defendants and enforced by them, deprives plaintiff of his constitutional rights to liberty and of access to a state service without due process.

### V. Causes of Action

24. Defendants' policy of refusing to sell liquor to an adult person simply because he or she is accompanied by another adult who is not in possession of identification violates right of plaintiff to due process as protected by the Fifth and Fourteenth Amendments and Art. I, § 7 of the Utah Constitution.

25. Defendant JOHN DOE's action deprived plaintiff of a liberty interest without due process through DOE's summary refusal to sell liquor to plaintiff.

26. Plaintiff has suffered, is suffering and will continue to suffer harm as a result of enforcement of defendants' policy. Plaintiff is entitled to and should be awarded damages for that harm. The amount of special and general damages should be determined at trial, but should be at least nominal ($1.00).

27. Plaintiff is fearful that unless restrained and enjoined defendant will continue to enforce the challenged policy to his harm.

## VIII.     Court Costs and Attorney Fees

28. The plaintiff has incurred and will incur court costs and attorney fees in the pursuit of this matter.

29. Pursuant to 42 U.S.C. § 1983 and § 1988, plaintiff is entitled to reimbursement for any such costs and fees.

## IX.  Demand for Relief

WHEREFORE, the plaintiff demands the following relief:

1. A determination and declaratory judgment that defendants' policy and actions violated the United States and the Utah Constitutions;

2. A permanent and final order enjoining defendants henceforth from enforcing the policy;

3. Special and general damages against DOE as to be determined by the Court, but at least nominal in amount; plaintiff makes no claim for damages based upon Utah Constitutional claims;

4. An award of plaintiff's court costs and attorneys fees under 42 U.S.C. § 1988; and,

5. For such other and further equitable and monetary relief as the court deems just and proper.

DATED this 11TH day of FEBRUARY 2005.

                              UTAH LEGAL CLINIC
                              Attorneys for PLAINTIFF

                       by _____
                              BRIAN M. BARNARD
                              JAMES L. HARRIS, Jr.

**CERTIFICATE OF MAILING**

I hereby certify that I caused to be mailed/faxed a true and correct copy of the foregoing COMPLAINT to:

```
EARL F DORIUS
UTAH DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
1625 S 900 West Street
SALT LAKE CITY, UT 84104      VOX: (801) 977-6800
                              FAX: (801) 977-6889
```
and
```
THOMAS D ROBERTS
ATTY. GEN OFFICE - PUBLIC AFFAIRS DIV
160 E 300 South Street   FIFTH FLR
P.O. BOX 140857
SALT LAKE CITY, UT 84114-0857    VOX: (801)366-0353
                                 FAX: (801)366-0352
```

on the 11TH day of FEBRUARY 2005, postage prepaid in the United States Postal Service.

        UTAH LEGAL CLINIC
        Attorneys for PLAINTIFF

        by _____
        BRIAN M. BARNARD
        JAMES L. HARRIS, Jr.