BRIAN M. BARNARD    USB #0215
JAMES L. HARRIS, Jr.    USB #8204
UTAH LEGAL CLINIC
Attorney for PLAINTIFF
214 East Fifth South Street
Salt Lake City, Utah 84111-3204

FILED
U.S. DISTRICT COURT

2005 MAY 20  P 4: 15

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | | |
|---|---|---|
| **A. McREYNOLDS,** | : | |
| Plaintiff, | : | **STATEMENT OF** |
| vs. | : | **UNDISPUTED FACTS** |
| **KENNETH F. WYNN**, Director, Utah | : | |
| Department of Alcoholic Beverage Control; | | |
| **JOHN DOE**, Employee, Utah Department of | : | |
| Alcoholic Beverage Control; **LARRY V.** | | Case No. 2:05-CV-0122 |
| **LUNT**, Chairman; **TED D. LEWIS**, Vice | : | |
| Chairman; **NICHOLAS E. HALES**, Member; | | Hon. Dale A. Kimball |
| **FRANK W. BUDD**, Member; and **MARY** | | |
| **ANN MANTES**, Member, Utah Alcoholic | : | |
| Beverage Control Commission, | | |
| | : | |
| Defendants. | | |
| | : | |

---

Plaintiff submits the following Statement of Undisputed Facts in support of Plaintiff's

Motion for Summary Judgement:

## PRELIMINARY STATEMENT

1.    This 42 U.S.C. § 1983 action seeks equitable relief from enforcement of

unconstitutional policies of the Utah Department of Alcoholic Beverage Control enacted by

defendant Commissioners and enforced by defendants, DOE and WYNN. Plaintiff seeks

damages as well as legal and equitable relief from the policy which violated, restricted and

restricts the plaintiff's rights under the federal and state constitutional rights to liberty and due

process. Complaint ¶ 1 (Doc. #1).

**JURISDICTION & VENUE**

2.      This Court has jurisdiction over this action invoking federal statutory and

constitutional rights pursuant to 28 U.S.C. § 1331, § 1343(a)(3), and § 1343(a)(4). Complaint ¶

2.

3.      This Court has jurisdiction to grant declaratory relief in this action pursuant to 28

U.S.C. § 2201. Complaint ¶ 3.

4.      This Court has supplemental jurisdiction over plaintiff's state constitutional

claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state claims are related to, based upon the

same operative facts and form part of the same case and controversy as his federal constitutional

claims. Complaint ¶ 4.

5.      Venue is proper in the Central Division of the United States District Court for the

District of Utah pursuant to 28 U.S.C. § 1391(b). All conduct complained of herein occurred or

will occur in Salt Lake County, Utah and the Central Division of this Court. The defendants

reside and/or have official duties in the Central Division of the District of Utah. Complaint ¶ 5.

## PARTIES

6.     A. McREYNOLDS is an adult citizen and resident of Salt Lake County.  Plaintiff

is more than twenty-one (21) years of age.  Complaint ¶ 6; Aff. of A. McReynolds  ¶ 1 (Doc. #2),

dated April 28, 2005.

7.     KENNETH F. WYNN is an employee of the State of Utah and Director of the

Utah Department of Alcoholic Beverage Control.  He is sued for equitable relief only.  He has

the duty and responsibility of enforcing the policy, rules, practices, etc., challenged herein.  He

supervises defendant JOHN DOE and mandates that JOHN DOE comply with the rules, policy,

practices, etc., challenged herein.  Complaint ¶ 7.

8.     LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E.

HALES, Member, FRANK W. BUDD, Member, and MARY ANN MANTES, Member are each

agents and officers of the State of Utah serving as the Utah Alcoholic Beverage Control

Commission.  Each is sued for equitable relief only.  Collectively they are the policy makers for

that Commission and the Utah Department of Alcoholic Beverage Control with regard to the

policy, rules, practices, challenged in this action.  They have collectively adopted and

promulgated on behalf of the State of Utah the policy, rules, practices, etc., challenged herein.

Complaint ¶ 8.

9.     JOHN DOE is an employee of the State of Utah and the Utah Department of

Alcoholic Beverage Control.  His full true and correct name is unknown to plaintiff at this time.

He is sued personally for legal and equitable relief.  Complaint ¶ 9.

10.     At all relevant times, defendants were, are and will be acting under color of state law, custom and usage, and were and are state actors.  Complaint ¶ 10.

## OPERATIVE FACTS

11.     In Utah, the retail liquor industry is a monopoly owned and operated by the State. If a person desires to purchase wine or liquor for consumption at home, the person must purchase it at a state owned and/or operated liquor store.

12.     The State of Utah through the Utah Department of Alcoholic Beverage Control operates liquor stores in the State of Utah.  The State through the Department owns and operates a State Liquor Store (Store #1) at 205 West 400 South Street, Salt Lake City, Utah.  Complaint ¶ 11; Aff. of A. McReynolds  ¶ 2.

13.     Utah automatically grants the right to purchase alcohol to all persons who are at least 21 years of age.

14.     Rules and/or the policies and practices of the defendants prohibit a person under the age of twenty-one (21) from entering a state liquor store unless accompanied by a parent or guardian.  Complaint ¶ 12.

15.     Liquor can not be sold to an intoxicated person.  Ut. Code Ann. § 32A-12-210 (1953 as amended).

16.     On Monday, February 7, 2005 at approximately 5:40 p.m., plaintiff entered the state liquor store on 400 South Street.  Plaintiff was accompanied by a friend, S. Diener, who is more than twenty-one (21+) years of age.  Complaint ¶ 13; Aff. of A. McReynolds  ¶ 3; Aff. of S. Diener ¶ 2 (Doc. #3), dated April 29, 2005.

4

17.     Plaintiff selected a bottle of liquor and proceeded to a middle check-out stand of Store #1 and a cash register where JOHN DOE was taking money and selling liquor to patrons. Complaint ¶ 14; Aff. of A. McReynolds  ¶ 4; Aff. of S. Diener ¶ 3.

18.     JOHN DOE asked plaintiff and plaintiff's friend for identification.  Plaintiff began to show his identification to JOHN DOE.  Plaintiff's friend, S. Diener, stated that he was over twenty-one (21+) but did not have any identification with him and noted that he was not buying the liquor.  Complaint ¶ 15; Aff. of A. McReynolds  ¶ 5; Aff. of S. Diener ¶ 4.

19.     JOHN DOE stated that both plaintiff and his friend had to have "I.D.'s" to establish their ages and indicated "it's against the law" for JOHN DOE to sell liquor to plaintiff when accompanied by a person who was not in possession of identification.  Complaint ¶ 16; Aff. of A. McReynolds  ¶ 6; Aff. of S. Diener ¶ 5.

20.     Plaintiff McReynolds was denied the right to purchase alcohol for no reason other than the fact than his 21 year old companion did not bring identification with him.

21.     Defendants did not provide notice in advance that plaintiff would be refused service if plaintiff was accompanied by an adult who was not carrying identification.  Aff. of A. McReynolds ¶ 7.

22.     Other than having been accompanied by a person who was not in possession of identification, plaintiff could have legally purchased alcohol from defendant JOHN DOE and the Utah Department of Alcoholic Beverage Control.  Plaintiff had personally committed no wrong and had engaged in no conduct that justified the refusal of JOHN DOE to sell liquor to him. Complaint ¶ 17; Aff. of A. McReynolds  ¶ 8.

5

23.     A person under the age of 21 who enters a state liquor store has committed a crime.[1]  The crime is committed merely by entry.

24.     If plaintiff's friend were under the age of twenty-one (21), the friend had violated a rule, a statute and/or a policy of defendants by merely entering the liquor store.  Complaint ¶ 18; Aff. of S. Diener ¶ 6.

25.     Ut. Admin. Code R81-2-7, Minors on Premises provides: "No person under the age of 21 years may enter a state liquor store unless accompanied by a parent, legal guardian, or spouse that is 21 years of age or older.  Signs notifying the public of this rule shall be posted in a prominent place on the doors or windows of the state liquor store."

26.     Attached is a photograph of the north front door of State Liquor Store #1 which shows a sign prohibiting people under age twenty-one (21) from entering the store. Exhibit "P".

27.     If a person attempts to purchase or actually purchases alcohol for a minor, that person has committed a crime.[2]

---

[1] Ut. Code Ann. § 32A-12-104.  Violation of title a misdemeanor.

Any person who violates this title or the [Utah Alcoholic Beverage Control] commission rules adopted under this title is guilty of a class B misdemeanor, unless otherwise provided in this title.

[2] Ut. Code Ann. § 32A-12-104.  Violation of title a misdemeanor.

Any person who violates this title or the [Utah Alcoholic Beverage Control] commission rules adopted under this title is guilty of a class B misdemeanor, unless otherwise provided in this title.

Ut. Code Ann. § 32A-12-203.

28.     Having been denied the right to purchase liquor from the State Liquor Store,

plaintiff left the liquor store.  Complaint ¶ 19; Aff. of A. McReynolds  ¶ 9; Aff. of S. Diener ¶ 7.

29.     Plaintiff was offered no opportunity to contest the refusal of JOHN DOE to sell

him liquor.  Complaint ¶ 20; Aff. of A. McReynolds  ¶ 10.

30.     Plaintiff was embarrassed and humiliated at having been accused of a crime and

not being able to defend myself.  Aff. of A. McReynolds ¶ 11.

31.     JOHN DOE's conduct was in compliance with the rules, regulations, policies and

practices of the State of Utah and the Utah Department of Alcoholic Beverages as administered

by defendant WYNN.  Said conduct has been the standard practice of the Department, the

---

A person may not sell, offer to sell, or otherwise furnish or supply any alcoholic beverage or product to any person under the age of 21 years.

Ut. Code Ann. § 32A-12-209. Unlawful purchase, possession, consumption by minors - Measurable amounts in body.

(1)  Unless specifically authorized by this title, it is unlawful for any minor to:
      (a) purchase any alcoholic beverage or product;
      (b) attempt to purchase any alcoholic beverage or product;
      (c) solicit another person to purchase any alcoholic beverage or product;
      (d) possess any alcoholic beverage or product;
      (e) consume any alcoholic beverage or product; or
      (f) have measurable blood, breath, or urine alcohol concentration in the minor's body.
(2)  It is unlawful for the purpose of purchasing or otherwise obtaining an alcoholic beverage or product for a minor for:
      (a) any minor to misrepresent the minor's age; or
      (b) any other person to misrepresent the age of a minor.

7

Commission and its employees for at least fifteen (15+) years.  Complaint ¶ 21; Aff. of A.

McReynolds  ¶ 12.

32.    Ut. Admin. Code R81-2-6, Refusal of Service[3] currently provides: "An employee

of the store may refuse to sell liquor to any person whom the employee has reason to believe is

purchasing or attempting to purchase liquor in violation of Utah Alcoholic Beverage Control

laws.  The employee may also detain the person and hold the person's form of identification in a

reasonable manner and for a reasonable length of time for the purpose of informing a peace

officer of a suspected violation."

33.    Utah Alcoholic Beverage Control Employee Manuals provide:

a)     "DABC policy is all people that come into store must be 21 or over

unless they are with legal guardian, parent or spouse of legal age not 19."

UDABC Store Employee Training Manual.

b)     "All we need is a reasonable suspicion," that purchase will be for a

minor and a sale can be refused.  Id.  "If you have a reasonable suspicion you can

refuse" to sell to an adult.  Id.

c)     "DABC policy is to check all people in a group when someone is

attempting to purchase alcohol.  All must have ID and be 21 or over."  Id.

---

[3]  An earlier version of UDABC Rule R81-2-6 enacted in 1991 provided:  "An employee
of the store may refuse to sell liquor to any person whom the employee has **reasonable suspicion**
is purchasing or attempting to purchase liquor in violation of Utah Alcoholic Beverage Control
Laws."  Emphasis added.

d)      "All people who enter the store must have ID and be 21 or over unless with parent, legal guardian or spouse of legal age." Id. Everyone must be 21 that enters Utah DABC stores with the three (3) exceptions above. Id.

e)      "Minors are not permitted to enter a liquor or wine store unless accompanied by a parent or spouse over the age of 21 years." UDABC Store Employee Handbook, 04/1999, p. 22.

f)      "SECOND-PARTY SALES.  It is illegal to sell alcohol to someone who is buying it for an underage person.  It is our responsibility to deny sales to customers of legal age who are attempting to purchase alcohol for minors or intoxicated individuals." Id., p. 23.

34.     Plaintiff may again in the future enter state liquor stores to purchase liquor and may be accompanied by friends or acquaintances not carrying identification with them. Complaint ¶ 22; Aff. of A. McReynolds ¶ 13.

35.     The policy, developed and enacted by the State of Utah and defendants and enforced by them, deprives plaintiff of his constitutional rights to liberty and of access to a state service without due process.  Complaint ¶ 23; Aff. of A. McReynolds ¶ 14.

36.     Defendants' policy of refusing to sell liquor to an adult person simply because he or she is accompanied by another adult who is not in possession of identification violates right of plaintiff to due process as protected by the Fifth and Fourteenth Amendments and Art. I, § 7 of the Utah Constitution.  Complaint ¶ 24.

37.     Defendant JOHN DOE's action deprived plaintiff of a liberty interest without due process through DOE's summary refusal to sell liquor to plaintiff.  Complaint ¶ 25; Aff. of A. McReynolds  ¶ 15.

38.     Plaintiff has suffered, is suffering and will continue to suffer harm as a result of enforcement of defendants' policy.  Plaintiff is entitled to and should be awarded damages for that harm.  The amount of special and general damages should be determined at trial, but should be at least nominal ($1.00).  Complaint ¶ 26; Aff. of A. McReynolds  ¶ 16.

39.     Plaintiff is fearful that unless restrained and enjoined defendants will continue to enforce the challenged policy to his harm.  Complaint ¶ 27; Aff. of A. McReynolds  ¶ 17.

40.     The plaintiff has incurred and will incur court costs and attorney fees in the pursuit of this matter.  Complaint ¶ 28; Aff. of A. McReynolds  ¶ 18.

41.     Pursuant to 42 U.S.C. § 1983 and § 1988, plaintiff seeks reimbursement for his court costs and attorney fees incurred in this action.  Complaint ¶ 29; Aff. of A. McReynolds  ¶ 18.

DATED this 16th day of MAY 2005.

UTAH LEGAL CLINIC
Attorneys for Plaintiff

by
BRIAN M. BARNARD
JAMES L. HARRIS, Jr.

10

<u>CERTIFICATE OF MAILING</u>

I hereby certify that I caused to be mailed a true and correct copy of the foregoing PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS to:

THOM D. ROBERTS
Assistant Attorney General
160 East 300 South, Suite 500
Salt Lake City, Utah 84111

on the 16ᵗʰ day of MAY 2005, postage prepaid in the United States Postal Service.

UTAH LEGAL CLINIC
Attorneys for Plaintiff


By
BRIAN M. BARNARD
JAMES L. HARRIS, Jr.

11

EXHIBIT "P"

PHOTOGRAPH OF NORTH DOOR AT
STATE LIQUOR STORE #1

