**BRIAN M. BARNARD**    USB # 0215
**JAMES L. HARRIS, Jr.**  USB # 8204
UTAH LEGAL CLINIC
Attorneys for PLAINTIFF
214 East Fifth South Street
Salt Lake City, Utah  84111-3204
Telephone:  (801) 328-9531

FILED
U.S. DISTRICT COURT

2005 MAY 27 P 2: 22

DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

------------------------------------------------------------------

| | | |
|---|---|---|
| **A. McREYNOLDS,** | : | **PLAINTIFF'S** |
| Plaintiff, | : | **MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | : | |
| **KENNETH F. WYNN,** Director, | : | Case No. 2:05-CV-0122 DAK |
| UTAH DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL; | : | (Judge Dale Kimball) |
| **JOHN DOE,** Employee, UTAH DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL; **LARRY V. LUNT,** Chairman; **TED D. LEWIS,** Vice Chairman; **NICHOLAS E. HALES,** Member, **FRANK W. BUDD,** Member, and **MARY ANN MANTES,** Member, Utah Alcoholic Beverage Control Commission, | : | |
| Defendants. | : | |

------------------------------------------------------------------

Plaintiff, A. McREYNOLDS, by and through counsel, Brian M.
Barnard and James L. Harris, Jr. moves this Court to grant
partial summary judgment in his favor.  In support of that

motion, he provides a memorandum of even date and a Statement of
Undisputed Facts.  Doc. # 4.

## INTRODUCTION

Plaintiff, A. McReynolds, age 21, entered a state liquor
store in downtown Salt Lake City on February 7, 2005 and produced
identification verifying he was over 21.  He was accompanied by a
friend, S. Diener, also over 21, who was not carrying any
identification.  Plaintiff was summarily denied the right to
purchase alcohol by the defendant store clerk, John Doe because
the friend was not carrying identification.  That refusal was
based upon an established written practice and rule of
defendants.

Plaintiff was denied a state created right and branded a
criminal when John Doe wrongly surmised that McReynolds was
purchasing alcohol for an illegal purpose.  Based upon that
determination, as directed and authorized by defendants'
policies, rules and practices McReynolds was stigmatized, he was
embarrassed and subjected to disdain.

## SUMMARY JUDGMENT STANDARD

A summary judgment should be granted when no material issue
of fact is in substantial dispute.  Fed. R. Civ. Pro. 56; DUCivR
56-1.  Such is the case at bar.  No material facts are in

dispute.   The application and validity of defendants' rules are a matter of law which can now be considered and resolved by the court.

## APPLICABLE CONSTITUTIONAL LAW

Before a government body deprives an individual of constitutionally protected interest, the individual must be given due process.   U.S. Const. Amend V & XIV.   The Due Process Clause requires that the governmental body provide a modicum of fairness including a written rule, notice, an opportunity to be heard, etc. prior to depriving a person of a liberty interest.   Id. Utah automatically grants the right to purchase alcohol to all persons 21+ years of age, that right is a state created liberty interest of which person cannot be deprived without due process.

Procedural due process guarantees apply to those liberty and property interests encompassed by the 14th Amendment.   Board of Regents v. Roth, 408 U.S. 564, 569 (1972).   To state a cause of action under § 1983, a plaintiff must allege a liberty or property interest sufficient to warrant due process protection. Curtis Ambulance, Inc. v. Board of County Comm'rs, 811 F.2d 1371, 1375 (10th Cir. 1987).   A property interest protected by the due process clause results from a legitimate claim of entitlement created and defined "by existing rules or understandings that

3

stem from an independent source such as state law." Roth, 408
U.S. at 577.

**ARGUMENT**

Defendants' rules and actions deprived plaintiff of a
liberty interest without due process through the summary refusal
to sell him liquor.  He was denied for no reason other than the
fact that his 21 year old companion did not bring identification
with him.  The right to purchase alcohol in Utah is a liberty or
property interest conferred to all persons of age 21 or greater.
See Collins v. Hall, 991 F.Supp. 1065, 1069 (N.D. Ind. 1997);
Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971); see Board
of Regents v. Roth, 408 U.S. at 574, 92 S.Ct. 2707.

A state, such as Utah, is not required to allow anyone to
purchase alcohol, (see U.S. Const., Amend. XXI, § 2), however
allowing everyone over 21 to purchase liquor, it cannot single
out a specific individual to deny the right to purchase alcohol
without giving that individual a hearing to determine if the
action is proper.  Nowak & Rotunda, *Constitutional Law* § 13.4
(6th Ed. 2000) (*citing* Constantineau).  "This is a recognition
that when the state acts against a specific individual, it must
do so in a procedurally fair manner."  Id.

4

When defendants denied plaintiff the right to purchase alcohol, defendants deprived plaintiff of a liberty interest.

## **RELIEF**

WHEREFORE, the plaintiff is entitled to the following by way of partial summary judgment:

1.  A determination and declaratory judgment that defendants' policy and actions violate the United States and the Utah Constitutions;

2.  A permanent and final order enjoining defendants henceforth from enforcing the policy;

3.  Reserving the issue of special and general damages against JOHN DOE as to be determined by the Court at trial or further hearing;

4.  An award of plaintiff's court costs and attorneys fees under 42 U.S.C. § 1988; and,

5.  For such other and further equitable and monetary relief as the court deems just and proper.

DATED this 26th day of MAY 2005.

UTAH LEGAL CLINIC
Attorneys for PLAINTIFF

by
BRIAN M. BARNARD

5

### CERTIFICATE OF MAILING

I hereby certify that I caused to be mailed/faxed a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT to:

MARK SHURTLEFF
THOM ROBERTS
ATTY. GEN OFFICE - AGENCY COUNSEL
160 East 300 South Street  FIFTH FLR
P.O. BOX 140857
SALT LAKE CITY, UT 84114-0857

on the 26th day of MAY 2005, postage prepaid in the United States Postal Service.

                              UTAH LEGAL CLINIC
                              Attorneys for PLAINTIFF


                              by
                              BRIAN M. BARNARD
                              JAMES L. HARRIS, Jr.

C:\Documents and Settings\bmb.UTAHLEGALCLINIC\My Documents\C Drive-Old\1983CASE\McREYNOLDS\PSJ mot memo 04012005.wpd/BMB

6