FILED
U.S. DISTRICT COURT
2005 JUN 20 P 3: 40
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

THOM D. ROBERTS (#2773)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Attorney General
Attorneys for Defendants
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah 84114-0857
Telephone: (801) 366-0353

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| A. McREYNOLDS,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH F. WYNN, Director, Utah Department of Alcoholic Beverage Control; JOHN DOE, Employee, Utah Department of Alcoholic Beverage Control; LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E. HALES, Member; FRANK W. BUDD, Member; and MARY ANN MANTES, Member, Utah Alcoholic Beverage Control Commission,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE JOINDER OF JOHN DOE**<br><br><br>Case No. S:05-CV-0122<br><br>Judge Dale A. Kimball |

Defendants KENNETH F. WYNN, Director, Utah Department of Alcoholic Beverage

Control; LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E.

HALES, Member; FRANK W. BUDD, Member; and MARY ANN MANTES, Member, Utah

Alcoholic Beverage Control Commission, by and through their attorney, Thom D. Roberts, Assistant Utah Attorney General, hereby submit the following Memorandum in Support of their Motion for an Order requiring the Plaintiff to join John Doe, employee to the Department of Alcoholic Beverage Control in this action:

Rule 19, Federal Rules of Civil Procedure, provides that a person subject to service of process and whose joinder will not deprive the Court of jurisdiction shall be joined as a party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject to the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the person already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

In the present case, the Plaintiff filed suit against the above State Defendants and John Doe, employee of the Department of Alcoholic Beverage Control, who is alleged to have engaged in the conduct causing the Plaintiff's claim. Plaintiff has not named John Doe nor has he obtained service on that individual.

Plaintiff is seeking declaratory, injunctive, and damage relief against the various Defendants. In the absence of naming John Doe and serving that individual, complete relief

Memo Support of Motion to
Require Joinder of John Doe
McReynolds v. Wynn, et al.
Page 2

cannot be granted as Plaintiff is seeking legal damages only against John Doe. Therefore, under subparagraph 1 of Rule 19, John Doe must shall be joined and made a party.

Plaintiff is also making claims against statutes, rules and policies that John Doe was allegedly effectuating as a basis for a claim for legal and equitable and declaratory relief. John Doe is so situated that, as a practical matter, resolution of the equitable and declaratory portions of this proceeding only against the other State Defendants without John Doe being a party may, as a practical matter, impair or impede John Doe from protecting his interest in the matter. It is anticipated that this litigation will involve a challenge to the statutes, rules and policies on their face and as applied, along with the actions of John Doe. John Doe's liability may well be predicated on the Court's rulings with regard to the declaratory and injunctive aspects of the case. As such, John Doe needs to be joined in the litigation.

Further, Plaintiff may raise issues regarding whether John Doe was following the statutes, rules and policies of the State of Utah which may raise issues between the different Defendants, including John Doe.

## CONCLUSION

John Doe is a person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction. Further, he is a person without whom complete relief cannot be accorded amongst the parties. John Doe has an interest in this proceeding, is allegedly legally

Memo Support of Motion to
Require Joinder of John Doe
McReynolds v. Wynn, et al.
Page 3

liable for damages, and disposition of the declaratory and equitable claims against the other Defendants may, as a practical matter, impede or impair his ability to protect his interests and may result in a substantial risk of inconsistent obligations amongst the parties. Therefore, pursuant to Rule 19(a), Federal Rules of Civil Procedure, John Doe should be joined as a party. The circumstances of this case that require John Doe be named, served with process, and allowed to participate in these proceedings. Until such time as that occurs, Plaintiff's Motion for Partial Summary Judgment should be struck or proceedings on it stayed.

Dated this __20th__ day of June, 2005.

MARK L. SHURTLEFF
Attorney General

_____
THOM D. ROBERTS
Assistant Attorney General
Attorney for Defendant

Memo Support of Motion to
Require Joinder of John Doe
McReynolds v. Wynn, et al.
Page 4

CERTIFICATE OF SERVICE

I hereby certify that on this ___20th___ day of June, 2005 I mailed a true and exact copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE JOINDER OF JOHN DOE** to:

Brian M. Barnard
James L. Harris, Jr.
Utah Legal Clinic
214 East 5th South
Salt Lake City, UT 84111-3204

_____Shayle Supurd_____

Memo Support of Motion to
Require Joinder of John Doe
McReynolds v. Wynn, et al.
Page 5