```
                                                              FILED
                                                    U.S. DISTRICT COURT

                                                    2005 JUL -6  P 3: 43

                                                      DISTRICT OF UTAH

                                                    BY:_____
                                                         DEPUTY CLERK
```

THOM D. ROBERTS (#2773)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Attorney General
Attorneys for Defendants
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah 84114-0857
Telephone: (801) 366-0353

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| A. McREYNOLDS,<br><br>        Plaintiff,<br><br>vs.<br><br>KENNETH F. WYNN, Director, Utah Department of Alcoholic Beverage Control; JOHN DOE, Employee, Utah Department of Alcoholic Beverage Control; LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E. HALES, Member; FRANK W. BUDD, Member; and MARY ANN MANTES, Member, Utah Alcoholic Beverage Control Commission,<br><br>        Defendants. | **ANSWER TO COMPLAINT**<br><br><br><br>Case No. S:05-CV-0122<br><br>Judge Dale A. Kimball |

Defendants KENNETH F. WYNN, Director, Utah Department of Alcoholic Beverage

Control; LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman; NICHOLAS E.

HALES, Member; FRANK W. BUDD, Member; and MARY ANN MANTES, Member, Utah

Alcoholic Beverage Control Commission, by and through their attorney of record, Thom D. Roberts, Assistant Utah Attorney General, in response to the Complaint filed herein, hereby admit, deny and allege as follows to wit:

## FIRST DEFENSE

That the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

That in response to the allegations of Plaintiff's Complaint, hereby admit and deny as follows:

1. With regard to the allegations contained in paragraph 1, admit that the actions seek equitable and legal relief, but deny the remaining allegations contained therein.

2. Admit the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

4. Deny the allegations contained in paragraph 4.

5. Admit the allegations contained in paragraph 5.

6. With regard to the allegations contained in paragraph 6, although Defendants have no reason to doubt the allegations, Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth thereof and therefore deny the same.

7. With regard to the allegations contained in paragraph 7, Defendants admit the allegations, except that Defendant Wynn does not supervise and mandate John Doe to comply with any unlawful and/or improper rules, policy, practices challenged herein.

8. With regard to the allegations contained in paragraph 8, Defendants admit that the named individuals are officers of the State of Utah serving as the Alcoholic Beverage Control Commission, that each has been sued for equitable relief and that they have certain statutory duties under the Utah Alcoholic Control Act, Utah Code Ann. § 32(a)-1-et seq. but deny the remaining allegations therein.

9. With regard to the allegations contained in paragraph 9, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

10. With regard to the allegations contained in paragraph 10, these answering Defendants admit the allegations with respect to them.

11. Admit the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12.

13. With regard to the allegations in paragraph 13, Defendants are without knowledge and information sufficient to form a belief as to the truth and therefore deny the same.

14. With regard to the allegations in paragraph 14, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

15. With respect to the allegations in paragraph 15, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

16. With respect to the allegations in paragraph 16, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

17. With respect to the allegations in paragraph 17, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

18. Admit the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. With respect to the allegations in paragraph 21, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

22. With respect to the allegations in paragraph 22, Defendants are without knowledge and information sufficient to form a belief as to the truth thereof and therefore deny the same.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Defendants are without knowledge and information sufficient to form a belief as to the truth in allegations in paragraph 28 and therefore deny the same.

29. Deny the allegations contained in paragraph 29.

## THIRD DEFENSE

Defendant Wynn took no actions nor caused the actions of which Plaintiff complains, and that he did not adopt the statutes or rules challenged, and no claim lies against him.

## FOURTH DEFENSE

The Rules and policies adopted by the Utah Alcoholic Beverage Control Commission were not the cause of nor did the Commissioners or their policies and rules undertake to cause the actions resulting in the claims of the Plaintiff, and no claim lies against them.

## FIFTH DEFENSE

Pursuant to Utah Code Ann. § 32(a)-12-208 and 212, a person may not have, possess, or purchase any alcoholic beverage or product except as authorized by the Utah Alcoholic Beverage Control and the rules of the Commission; the Plaintiff's ability to purchase or obtain alcohol are

subject to his acting in accordance with the Utah Alcoholic Beverage Control Act and being authorized to have, possess, or purchase the alcoholic beverage or product.

## SIXTH DEFENSE

Pursuant to Utah Code Ann. §31A-12-202, a person may not sell, offer to sell or otherwise furnish an alcoholic beverage or product other than as authorized by the Utah Alcoholic Beverage Control Act and the rules of the Commission, and the actions of the parties herein were pursuant to said duty.

## SEVENTH DEFENSE

Plaintiff had but did not avail himself of various methods and means of reviewing or challenging any failure or refusal to sell alcohol to him, including, but not limited to, actions at the store, seeking Department of Alcoholic Beverage Control review, and the Utah Administrative Procedures Act, Utah Code Ann. § 63-46B-101, et seq.

## EIGHTH DEFENSE

Plaintiff had administrative remedies with regard to his Complaint, which he failed to exhaust, and such failure to exhaust limits his rights and remedies herein.

## NINTH DEFENSE

There is no justiciable case or controversy between the Plaintiff and these Defendants.

WHEREFORE, Defendants KENNETH F. WYNN, Director, Utah Department of Alcoholic Beverage Control; LARRY V. LUNT, Chairman; TED D. LEWIS, Vice Chairman;

NICHOLAS E. HALES, Member; FRANK W. BUDD, Member; and MARY ANN MANTES, Member, Utah Alcoholic Beverage Control Commission, having fully responded to Plaintiff's Complaint, pray that the matter be dismissed, no cause of action, and Plaintiff recover nothing thereby, that the actions of these Defendants be determined to be lawful and proper and that Plaintiff's constitutional rights have not been violated, that Defendants recover their costs and attorney's fees incurred herein, and for such other and further relief as the Court shall deem just and equitable.

Dated this 6th day of June, 2005.

MARK L. SHURTLEFF
Attorney General

THOM D. ROBERTS
Assistant Attorney General
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this ___6th___ day of June, 2005 I mailed a true and exact copy of the foregoing **ANSWER TO COMPLAINT** to:

Brian M. Barnard
James L. Harris, Jr.
Utah Legal Clinic
214 East 5th South
Salt Lake City, UT 84111-3204

_Shayla Suphud_