**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

FILED
U.S. DISTRICT COURT

2007 MAR -7  A 10: 27

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

Douglas E. Cressler
Chief Deputy Clerk

March 5, 2007

Mr. D. Mark Jones
Clerk
United States District Court for the District of Utah
350 South Main Street
Room 204
Salt Lake City, UT 84101

     Re:     06-4077, McReynolds v. Wynn
            Dist/Ag docket:  2:05-CV-122-DAK

Dear Clerk:

    Enclosed for the clerk of the trial court or the named agency,
is a certified copy of the order and judgment filed in this case which
is issued as the mandate of this court.  See Fed. R.  App. P. 41(a).
Please file it in the records of your court or agency.

    Please contact this office if you have questions.

               Sincerely,

               Elisabeth A. Shumaker
               Clerk, Court of Appeals

               By:      Deputy Clerk

clk:lab

cc:
     Brian M. Barnard
     Thomas D. Roberts
     Nancy L. Kemp, Asst. Atty. General
     J. Clifford Petersen
     William F. Hanson

**F I L E D**
United States Court of Appeals
Tenth Circuit

**February 9, 2007**

Elisabeth A. Shumaker
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

A. McREYNOLDS,

      Plaintiff-Appellant,

v.

KENNETH F. WYNN, Director, Utah
Department of Alcoholic Beverage
Control; LARRY V. LUNT, Chairman;
TED D. LEWIS, Vice Chairman;
NICHOLAS E. HALES; FRANK W.
BUDD; MARY ANN MANTES,
Members, Utah Alcoholic Beverage
Control Commission; KEVIN
HANSEN,

      Defendants-Appellees.

No. 06-4077
(D.C. No. 2:05-CV-122-DAK)
(D. Utah)

A true copy.
Teste
Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By
Deputy Clerk

---

### ORDER AND JUDGMENT[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff McReynolds brought suit under 42 U.S.C. § 1983 alleging that he was deprived of a liberty interest without due process of law when he was not allowed to purchase liquor from a state-run liquor store. Plaintiff had provided proof of his legal age (twenty-one) for the purchase, but was refused service because a companion lacked proof that he also was not a minor. The district court granted judgment on the pleadings for defendant Hansen, the store clerk, on several alternative grounds: (1) there is no state-created liberty interest in the purchase of liquor on which to premise a due process claim; (2) even if such an interest exists, its isolated and temporary deprivation here (the momentary inability to purchase liquor from a particular store) was too minimal to warrant constitutional redress; and (3) even if a cognizable deprivation occurred, the relevant legal principles were not clearly established and, therefore, defendant Hansen was entitled to qualified immunity in any event. Plaintiff then commenced this appeal.[1] On de novo review, *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1250 (10th Cir. 2006), we affirm for the reasons explained below.

---

[1]    Plaintiff's appeal was premature in light of the claims pending against the rest of the defendants. *See* Fed. R. Civ. P. 54(b). In the meantime, however, the district court entered judgment for defendants on all remaining claims, thereby ripening plaintiff's appeal. We note that, given plaintiff's failure to appeal from the later entry of final judgment, this appeal may be limited to the judgment granted for defendant Hansen. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) (explaining *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641 (10th Cir. 1988)). In any event, our disposition of the appeal involving the Hansen judgment is conclusive as to the entire case.

In Utah, "21 . . . is the legal age for purchasing alcoholic beverages or products." Utah Code Ann. § 53-3-806(3) (citing *id.* § 32A-12-203); *see also id.* § 32A-2-103(a). An adult may purchase liquor at a state store unless he is "actually, apparently, or obviously intoxicated"; a "known habitual drunkard"; or a "known interdicted person." *Id.* § 32A-2-103(5)(b)-(d). Plaintiff contends that through assuming control over the sale of alcohol and specifying by statute who is legally entitled to purchase it, the State has created a constitutionally cognizable interest, sufficient to trigger due process protection, in favor of any member of the public who meets the statutory qualifications. He claims he was summarily deprived of this interest, in a manner actionable under § 1983, when defendant Hansen refused to sell him liquor on the ground that his companion lacked proof of age. The district court rejected this claim, agreeing with defendant that the issue was not whether plaintiff had a protected interest *in the purchase of liquor* (allegedly denied without adequate process when his companion did not produce proof of age), but whether plaintiff had a protected interest *in the purchase of liquor while in the company of a person without proof of age*. The district court held that such an interest did not exist.

In framing the due process issue, the district court looked to regulations and policies, referred to in the pleadings, relating to the presence of minors in liquor stores. By regulation, "[n]o person under the age of 21 years may enter a state liquor store unless accompanied by a parent, legal guardian, or spouse that is

-3-

21 years of age or older." Utah Admin. Code R81-2-7.  This prohibition is now

included in the statutory scheme.  *See* Utah Code Ann. § 32A-2-103(8)(a) (added

by 2005 Utah Laws, ch. 152, § 2, effective May 2, 2005).  The state alcoholic

beverage control manual further provides that all persons who enter a liquor store

without a parent, guardian or spouse must have adult identification, and

specifically directs store clerks to confirm that all persons have identification

when a member of a group attempts to purchase alcohol.  Aplt. App. at 51.  A

clerk may refuse to sell liquor to anyone whom he has reason to believe may be

attempting to purchase alcohol illegally for a minor.  Utah Admin. Code R81-2-6.

The link between the group-identification rule and the State's effort to prevent

minors from obtaining alcohol through adults is obvious, and has now been made

explicit in the statutory scheme:  if a patron or his companion lacks identification,

the store clerk "shall refuse to sell liquor . . . to the person who accompanied the

suspected minor into the state store," and "shall require [them] . . . to immediately

leave the premises."  Utah Code Ann. § 32A-2-103(8)(b)-(d) (added by 2005

amendment).

Due process claims entail a two-step inquiry: "(1) did the [plaintiff] possess

a protected interest such that due process protections were applicable; and if so,

then (2) was the [plaintiff] afforded an appropriate level of process."  *Veile v.*

*Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001) (quotation omitted).  The

regulations and policies (now codified) relating to persons accompanying a liquor

-4-

purchaser undercut plaintiff's due process claim at one or the other of these steps,

depending on whether the provisions are viewed as conditions precedent to the

existence of a right to purchase liquor or as grounds for denying such a right.  If

any right of an adult to purchase liquor is inchoate unless and until the additional

requirements cited above are met, plaintiff's failure to satisfy the requirements

defeats his claim at the first step in a direct and obvious way, because it negates

the requisite protected interest *ab initio*.[2]

On the other hand, if a state's assumption of control over the sale of liquor

creates a constitutionally cognizable right of access in members of the public who

meet the basic legal qualifications for purchase (anyone at least twenty-one years

old who is sober, not habitually intoxicated, and not interdicted), plaintiff's claim

would still fail at the second step of the due process inquiry, so long as grounds

for denying that right were enforced through constitutionally permissible process.

The governing constitutional standard is flexible, requiring only such procedural

---

[2]     This is the thrust of defendant's position, adopted by the district court, that
plaintiff's due process claim fails because he did not have a protected interest *in
purchasing alcohol when accompanied by a person without proof of age*.  Plaintiff
objects to this characterization of the interest, arguing that the fact-specific level
of description used by defendant to qualify the interest unduly restricts its scope
for purposes of due process analysis.  That is, plaintiff argues that defendant's
formulation constricts the underlying interest by, in the terms used above, treating
grounds for denying a protected interest (which must be proved in constitutionally
adequate process) as conditions precedent to the existence of the interest (which
negate the right to process from the outset).  We need not resolve this
level-of-description conundrum, because plaintiff's claim fails in any event, as
explained in the next paragraph above.

protections as the particular situation demands. *Gilbert v. Homar*, 520 U.S. 924,

930 (1997) (following *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). This

situational analysis focuses on the nature of the plaintiff's interest, the practical

efficacy of existing procedures to protect that interest and the benefit additional

procedures would afford, and the interests of the State. *Id.* at 931-32 (following

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Applying these factors, we

conclude that plaintiff received sufficient process to undercut any due process

claim here.

In assessing plaintiff's interest, "account must be taken of 'the *length*' and

'*finality* of the deprivation.'" *Id.* (quoting *Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 434 (1982)). As the district court emphasized, the deprivation at

issue here was quite minor in these respects. Plaintiff was merely refused liquor

at one store on one occasion, for a reason that would not extend beyond the

unique–and avoidable–combination of circumstances this one occasion presented

(entry with a companion lacking proof of age). The minimal nature of plaintiff's

deprivation strongly suggests that a correspondingly minimal level of process was

due. Indeed, the district court may have been correct in rejecting plaintiff's claim

out of hand on the basis that the deprivation was constitutionally de minimus.

*Cf., e.g.*, *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (affirming

dismissal of due process claim because single incident in which parental visitation

-6-

had been cut short was "so insubstantial in duration and effect" that it did not "rise to a constitutional level").

Bolstering that conclusion is the substantial countervailing weight of the State's interest in prompt, practical, and effective procedures for implementing its franchise over the distribution of liquor. The controlling statutory scheme explicitly invokes the State's significant interest in minimizing the social risks attendant upon the consumption of alcohol, especially where minors are involved. *See* Utah Code Ann. § 32A-1-104(4). We properly "accord[] the states great leeway in adopting summary procedures to protect public health and safety." *Mackey v. Montrym*, 443 U.S. 1, 17 (1979); *see, e.g., Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1220 (10th Cir. 2006).

The familiar procedure of "carding" liquor store patrons is an effective means both to protect the public interest and to afford patrons (and their companions) a fair and reasonable opportunity to demonstrate that an intended liquor purchase is consistent with the law. If a patron or his companion is momentarily unable to comply, the appropriate corrective is for that person to retrieve his documentation showing the requisite age and/or legal relationship (which, if not already possessed, is easy to obtain), not additional procedural measures of a more complicated, time consuming, and less objective nature. Given the practical realities of the situation, this traditional, convenient, and

-7-

effective procedure, accommodates all interests involved in a manner that cannot be deemed constitutionally deficient.

Finally, we note that we have deliberately not included in our analysis the alleged stigma plaintiff insists resulted from defendant Hansen's refusal to serve him. Contrary to plaintiff's hyperbole, he was not accused of a crime; he was merely refused service because he entered a liquor store with a companion who, lacking proof of age, gave Hansen *a reason to believe* an illegal purchase could be in the offing. If denying service for lack of required identification were tantamount to criminal accusation, the proper enforcement of liquor laws would generate a mountain of defamation cases against conscientious liquor store clerks around the country.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

-8-